UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH ALBERT JETER,

                Plaintiff,

Civil Action No.
03-CV-73101-DT

vs.

HON. BERNARD A. FRIEDMAN

JEWISH VOCATIONAL SERVICES, et al.,

                Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND TO DISMISS COMPLAINT (Docket #27)**

This matter is presently before the court on defendants' motion to dismiss and for summary judgment pursuant to Fed. R. Civ. P. 12(b)(6) and 56(c). For the reasons stated below, the court shall grant defendants' motion and dismiss the complaint in its entirety.

Plaintiff Kenneth Albert Jeter brought this action pro se and in forma pauperis, against his former employer, Jewish Vocational Services ("JVS"), and several of its employees. Plaintiff's complaint alleges that defendants violated the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and that he suffered discrimination based on religion, gender, race, and age under Title VII. On September 30, 2004, the court dismissed plaintiff's complaint as to all individually named defendants, and dismissed all of plaintiff's claims, except for gender discrimination. At that time, the court believed that plaintiff was entitled to some discovery and factual development.

The following facts appear in the complaint and in plaintiff's subsequent filings. Plaintiff states that he worked at defendant JVS for two years, from July 28, 2000, until July 31,

2002.  He was hired and paid as a driver/custodian.  Plaintiff's primary duty was the transportation of senior citizen participants to and from JVS.

The evidence shows that plaintiff received positive evaluations and letters of praise from his supervisors for over a year.  However, the evidence also shows that plaintiff was disciplined for violating workplace policies, like tardiness when returning from lunch.

Plaintiff traces his problems leading to this lawsuit to an incident which occurred on November 15, 2001.   According to plaintiff, on that date, he and another employee, Regina Smith, took eight elderly JVS participants to downtown Detroit where they visited Motor City Casino. Upon returning to JVS, plaintiff received a written reprimand from his supervisor, Julie Sowa, because he took an unaccompanied and unauthorized trip.  Plaintiff asserts that Smith, a female, was never reprimanded.  However, Smith's signed and sworn affidavit indicates that she was reprimanded by her supervisor.

After the November trip, plaintiff claims that Sowa, continued to single him out and harass him with unwarranted verbal and written reprimands.  Sowa cited plaintiff for policy violations, which resulted in suspension without pay, according to JVS protocol.

Plaintiff asserts that his problems at work led to physical and emotional illness. Plaintiff states that he experienced anxiety and depression stemming from the "hostile work environment."  Plaintiff's doctor placed him on medication which precluded the safe operation of motor vehicles.  Since driving was one of plaintiff's primary duties, plaintiff was forced to take a medical leave of absence.

Plaintiff's six-month FMLA leave expired on Monday, July 29, 2002. However, plaintiff's doctor would not give him clearance to return to work until Thursday, August 1, 2002.

2

The doctor was concerned that residual effects of the medication might impede plaintiff's ability to drive.

Plaintiff states that he dreaded returning to a hostile work environment but he needed the income. See Pl.'s Complt. at 18-19. On Friday, July 26, 2002, plaintiff visited defendant JVS. At that time, plaintiff filed a grievance with defendants seeking to address his problems at work and he requested a long term disability leave application. Plaintiff claims that he sought to resume his former position but that defendants informed him that his services were not needed. The evidence also shows that plaintiff failed to return to work after his FMLA sick leave terminated. On August 7, 2002, plaintiff received a letter from JVS informing him that they could not hold his position open past August 1, 2002. The letter included the long term disability forms requested by plaintiff and it recommended that plaintiff contact defendant JVS about job openings when he could return to work.

Summary judgment under Fed. R. Civ. P. 56 is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Supreme Court explains that:

> the plain language of the rule mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex v. Catrett, 477 U.S. 317, 323 (1986)(citation omitted). In other words, the determination is "whether the evidence presents a sufficient disagreement to require [a trial] or whether it is so one-sided that one party must prevail as a matter of law." Upsher v. Gross Pointe Public School Sys., 285 F.3d 448, 451-452 (6th Cir. 2002). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). A party opposing a summary judgment motion must designate specific "evidence on which the [trier of fact] could reasonably find" in its favor. Id. If the non-moving party, after reasonable opportunity for discovery, is unable to meet this burden of proof, summary judgment is proper. See Celotex, 477 U.S. at 323.

In this matter, plaintiff must establish a prima facie case of discrimination by showing that: (1) he was a member of a protected group; (2) he was subjected to an adverse employment decision or subjected to severe or retaliatory harassment by a supervisor; (3) he was qualified for the position and; (4) he was replaced by a person outside the protected class or similarly situated unprotected employees were treated more favorably. Morris v. Oldham County Fiscal Court, 201 F.3d 784, 792 (6th Cir. 2000).

Plaintiff cannot establish a prima facie case of discrimination because he cannot establish element two, that an adverse employment action was taken against him. An adverse employment action is a materially adverse change in the terms of plaintiff's employment. Examples of adverse employment actions include termination, or demotion resulting in loss of benefits, title, salary, or responsibility. See Kocsis v. Multi-Care Management, Inc., 97 F.3d 876, 882-83 (6th Cir. 1996). Plaintiff does not allege that any significant adverse actions occurred. Instead, plaintiff explains that Sowa, a female, asked him on several occasions to switch his position to another employee, Ivory, who was also a female, and he always declined. Plaintiff also states that Sowa

4

reprimanded him on several occasions, and that he received two suspensions without pay. Finally, after plaintiff's FMLA status expired, his position was filled by Ivory.

None of these facts rises to the level of a "materially adverse employment action." A supervisor's request for plaintiff to switch positions, suspension without pay for a brief period, based on undisputed legitimate acts, and replacement *after* an employee's FMLA status expired, are not considered "material adverse changes" to one's employment. When plaintiff was asked to explain the factual basis for his gender discrimination claim, he stated:

> well I just know that she discriminated against me. Now, whether it was because I'm a man, or whether she was discriminating for whatever I don't know, but I know that I am a man and I know that I was discriminated against.

Jeter Dep. at 105. The chain of events described by plaintiff and his personal feelings fail to establish a prima facie claim for gender discrimination.

Even if plaintiff could establish the prima facie case for gender discrimination, there is no dispute that all of the actions taken by defendants were for legitimate non-discriminatory reasons. The evidence shows that plaintiff's personnel file contained memos with praise as well as written disciplinary documents when he violated JVS' rules. There is no evidence whatsoever that the actions taken by defendants were pre-textual or illegitimate, and actually based on gender.

In sum, plaintiff's claims cannot survive summary judgment. A reasonable jury could not conclude that the facts establish unlawful gender discrimination or pre-textual reasons for defendants' employment actions. See Town v. Michigan Bell Telephone Co., 568 N.W.2d 64, 69 (Mich. 1997)("Plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent or competent"). See also Rowan v. Lockheed Martin, 360 F.3d

544, 550 (6th Cir. 2004). Plaintiff relies entirely on his own opinion to attempt establish his gender discrimination claim and he fails to set forth facts which could fulfill the elements of a prima facie gender discrimination case. Plaintiff's disappointment at losing his job, and his feelings alone can not establish a prima facie case of discrimination. Plaintiff fails to demonstrate that his gender actually played a role in defendants decision making process and that defendants' adverse employment action had discriminatory animus. See Reeves, 530 U.S. at 141-153.

In this case, there is no genuine issue of material fact that plaintiff's complaint fails to state claims upon which relief can be granted. All of the evidence viewed in the light most favorable to plaintiff does not establish a prima facie case for any of the discrimination alleged by plaintiff, nor does it present any other arguable basis in law showing that unjustified or illegal actions were taken against plaintiff, by any defendants. Therefore, in this matter, the evidence is so one-sided that defendants are entitled to judgment as a matter of law. Accordingly,

IT IS ORDERED that defendants' motion for summary judgment is granted.

\_\_\_\_s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: June 8, 2005
        Detroit, Michigan

**I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.**

**_____/s/ Patricia Foster Hommel_____**
**Patricia Foster Hommel**
**Secretary to Chief Judge Friedman**